UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAVE OUR WETLANDS, INC.**<br>**LUKE FONTANA,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**The CITY OF NEW ORLEANS; MAYOR LATOYA CANTRELL, in her official capacity, MICHAEL HARRISON, FORMER SUPERINTENDENT OF THE NEW ORLEANS POLICE DEPARTMENT, in his official capacity; SHAUN FERGUSON, SUPERINTENDENT OF THE NEW ORLEANS POLICE DEPARTMENT, in his official capacity, and NEW ORLEANS POLICE OFFICERS BARRY SCHECHTER, SIDNEY JACKSON, JR. and ANTHONY BAKEWELL, in their official capacities,**<br><br>           **Defendants.** | CIVIL ACTION NO.: 19-cv-9120<br><br>JUDGE ASHE<br><br>MAGISTRATE JUDGE WILKINSON |

## ANSWER TO AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come the City defendants who respectfully answer the Plaintiffs' amended complaint as follows:

1.

Paragraph 1 is denied.

2.

Paragraph 2 is denied for lack of specific information to justify a belief therein.

3.

Paragraph 3 does appear to contain allegations of fact requiring a response.  To the extent

that such allegations may be found in the paragraph, they are denied.

4.

Paragraph 4 is a statement of jurisdiction not requiring a response.

5.

Paragraph 5 is a statement of jurisdiction not requiring a response.

6.

Paragraph 6 is a statement of venue not requiring a response.

7.

Paragraph 7 is a statement of law not requiring a response.  To the extent that an allegation may be found therein, it is denied.

8.

Paragraph 8 is admitted as to the status of the plaintiff Save Our Wetlands, Inc.

9.

Paragraph 9 is admitted as to the status of the plaintiff Luke Fontana.

10.

Paragraph 10 is admitted as to the status of the City of New Orleans as a defendant.

11.

Paragraph 11 is admitted as to the status of Latoya Cantrell as a defendant.

12.

Paragraph 12 is admitted as to the status of Michael Harrison as a defendant.

13.

Paragraph 13 is admitted as to the status of Shaun Ferguson as a defendant in this matter.

14.

Paragraph 14 is admitted as to the status of Barry Schecter as a defendant in this matter.

15.

Paragraph 15 is admitted as to the status of Anthony Bakewell as a defendant.

16.

Paragraph 16 is admitted as to the status of Sidney Jackson as a defendant.

17.

Paragraph 17 is denied for lack of specific information in which to justify a belief therein.

18.

Paragraph 18 is admitted.

19.

Paragraph 19 is denied for lack of specific information in which to justify a belief therein.

20.

Paragraph 20 is denied for lack of specific information in which to justify a belief therein.

21,

Paragraph 21 is denied for lack of specific information in which to justify a belief herein.

22.

Paragraph 22 is denied for lack of specific information in which to justify a belief therein.

23.

Paragraph 23 is denied for lack of specific information in which to justify a belief therein.

24.

Paragraph 24 is denied for lack of specific information in which to justify a belief therein.

25.

Paragraph 25 is denied for lack of specific information in which to justify a belief therein.

26.

Paragraph 26 is admitted.

27.

Paragraph 27 is denied for lack of specific information in which to justify a belief therein.

28.

Paragraph 28 is denied for lack of specific information in which to justify a belief therein.

29.

Paragraph 29 is denied for lack of specific information in which to justify a belief therein.

30.

Paragraph 30 is denied for lack of specific information in which to justify a belief therein.

31.

Paragraph 31 is denied for lack of specific information in which to justify a belief therein.

32.

Paragraph 32 is denied for lack of specific information in which to justify a belief therein.

33.

Paragraph 33 is denied for lack of specific information in which to justify a belief therein.

34.

Paragraph 34 is denied for lack of specific information in which to justify a belief therein.

35.

Paragraph 35 is denied for lack of specific information in which to justify a belief therein.

36.

Paragraph 36 is denied for lack of specific information in which to justify a belief therein.

37.

Paragraph 37 is denied for lack of specific information in which to justify a belief therein.

38.

Paragraph 38 is denied for lack of specific information in which to justify a belief therein.

39.

Paragraph 39 is denied for lack of specific information in which to justify a belief therein.

40.

Paragraph 40 is denied for lack of specific information in which to justify a belief therein.

41.

Paragraph 41 is denied for lack of specific information in which to justify a belief therein.

42.

Paragraph 42 is denied as written.

43.

Paragraph 43 is denied as written.

44.

Paragraph 44 is admitted.

45.

Paragraph 45 is denied for lack of specific information in which to justify a belief therein.

46.

Paragraph 46 is admitted.

47.

Paragraph 47 is denied as written.

48.

Paragraph 48 is admitted.

49.

Paragraph 49 is admitted.

50.

Paragraph 50 is admitted.

51.

Paragraph 51 is denied as written.

52.

Paragraph 52 is admitted.

53.

Paragraph 53 is denied as written.

54.

Paragraph 54 is denied as written.

55.

Paragraph 55 is denied for lack of specific information in which to justify a belief therein.

56.

Paragraph 56 is denied as written.

57.

Paragraph 57 is denied.

58.

Paragraph 58 is denied.

59.

Paragraph 59 is denied.

60.

Paragraph 60 is denied.

61

Paragraph 61 appears to be a conclusion of law not requiring a response. To the extent that an allegation is contained therein, it is denied.

62.

Paragraph 62 is denied for lack of specific information in which to justify a belief therein.

63,

Paragraph 63 is denied.

64.

Paragraph 64 is denied.

65.

Paragraph 65 is denied.

66.

Paragraph 66 is denied.

67.

Paragraph 67 is denied.

68.

Paragraph 68 is denied.

69.

Paragraph 69 is denied.

70.

Paragraph 70 is denied.

71.

Paragraph 71 is denied.

72.

Paragraph 72 is denied.

73.

Paragraph 73 is denied.

74.

Paragraph 74 is denied.

75.

Paragraph 75 is denied for lack of specific information in which to justify a belief therein.

76.

Paragraph 76 is denied.

77.

Paragraph 77 is denied.

78.

Paragraph 78 is denied.

79.

Paragraph 79 is denied.

80.

Paragraph is 80 is denied for lack of specific information in which to justify a belief therein.

81.

Paragraph 81 is denied.

82.

Paragraph 82 is denied.

83.

Paragraph 83 is denied.

84.

Paragraph 84 is denied.

85.

Paragraph 85 is denied.

86.

Paragraph 86 is denied.

87.

Paragraph 87 is denied.

88.

The remaining paragraph is a prayer not requiring a response. To the extent that any allegations are contained therein, they are denied.

**AND NOW FURTHER ANSWERING,** the City avers the following affirmative defenses:

### FIRST DEFENSE

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by this defendant.

### SECOND DEFENSE

Some, if not all, of the plaintiffs' actions have prescribed.

### THIRD DEFENSE

The plaintiffs herein are not entitled to the relief he seeks as a matter of law.

### FOURTH DEFENSE

The defendants' actions followed the mandates and edicts of laws and ordinances that the defendants believed to be constitutional, rendering the defendants herein immune from suit.

### FIFTH DEFENSE

The defendants specifically plead that they cannot be held liable for any discretionary acts.

### SIXTH DEFENSE

As public officials performing discretionary acts, the defendants are immune, under applicable state laws as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any and all other statutory or jurisprudential immunities affordable under the law.

### SEVENTH DEFENSE

The defendants herein expressly pleads the affirmative defense that the plaintiffs failed to mitigate their damages.

### EIGHTH DEFENSE

In the alternative, the defendants aver that the plaintiffs assumed the risk of their own injuries.

### NINTH DEFENSE

In the alternative, and in the event that this honorable Court should find that the defendants were guilty of negligence whatsoever which proximately caused or

contributed to the alleged injuries which the defendants deny, then the defendants specifically pleads contributory negligence/comparative fault on the part of the plaintiffs, which would operate as a complete bar to, or diminution, of plaintiffs' recovery.

### TENTH DEFENSE

The plaintiffs' claims in this matter are frivolous and unreasonable, and, as such, the defendants are entitled to an award against the plaintiffs for any and all attorney's fees and costs expended pursuant to federal law, and, if applicable, 42 U.S.C. § 1988.

### ELEVENTH DEFENSE

In the alternative, the defendants affirmatively aver that the plaintiffs' alleged injuries were caused by persons or parties over whom this defendants exercise no authority, jurisdiction, control, or supervision of whom it is not legally responsible.

### TWELFTH DEFENSE

The defendants aver that it is entitled to a credit and/or set off from any sums paid to or on behalf of the plaintiffs by the defendants by any other insurer, or by any person or entity, specifically pleading extinguishment of some or all of any obligation which may be found due plaintiffs to the full extent of any such payments.

### THIRTEENTH DEFENSE

The defendants affirmatively assert the statutory cap on general damages provided by LSA – R.S. 13:5106.

### RESERVATION OF RIGHTS

To the extent permitted by law, the defendants herein reserves their right to

supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE**, the City defendants pray that this answer be deemed good and sufficient and that after due proceedings had, there be a judgment in its favor and against plaintiff, dismissing the Complaint, with prejudice and at plaintiffs' cost. The City defendants further pray for its attorney's fees, costs, and/or all other general or equitable relief to which it may be entitled.

Respectfully Submitted,

/s/ Mark D. Macnamara
**MARK DANIEL MACNAMARA, LSB #24532**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LeBEOUF, LSB #28633**
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E03
NEW ORLEANS, LA 70112
FACSIMILE:  (504) 658-9868
TELEPHONE: (504) 658-9800

*Counsel for the City of New Orleans*

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, a copy of the above was served, contemporaneously or prior, to all counsel of record by e-filing via the court's CM/ECF system and/or by U.S. Mail, pursuant to FRCP 5(b)(2).

/s/ Mark D. Macnamara
MARK DANIEL MACNAMARA